## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| BARBARA DONALD, as Administratrix of the Estate of EDWARD LEE BURRELL, Deceased, ) ) ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 1:17-CV-00491-JB-N |
| vs. ) ) | |
| TYLER NORRIS ) ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

### I. INTRODUCTION

1. This action is brought by the Estate of Edward Lee Burrell who died at the Clarke County Jail due to the negligence and/or deliberate indifference of a government official responsible for his protection and care. Edward Lee Burrell died because he was in medical distress and not given the proper emergency medical care or medical assistance.

### II. JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, 42 U.S.C § 1983, and the United States Constitution.

### III. VENUE

3. The Southern District of Alabama is an appropriate venue for this action under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district.

## IV. PARTIES

4.     Decedent Edward Lee Burrell ("Edward" and/or "Burrell") was a resident of Clarke County, Alabama, and a citizen of the United States. Barbara Donald has been appointed the Administratrix Ad Litem for Edward Lee Burrell's estate.

5.     Defendant Tyler Norris was the Jail Administrator at the Clarke County Jail. At all times relevant to the events described herein, the actions and omissions of Tyler Norris were taken under color of law.

## V. FACTUAL ALLEGATIONS

6.     The jailers employed at the Clarke County Jail should have attended a course of instruction in jail management and become CPR certified.

7.     During the jail management course, jailers should be instructed on supervision of inmates, CPR, and responding to medical emergencies.

8.     Tyler Norris should have received these instructions and training.

9.     It should be understood by every Clarke County jailer that in the event of an inmate medical emergency an ambulance is to be called without approval of the Jail Administrator when he is not present, as time is of the essence.

10.     It should be understood by every Clarke County jailer that emergency medical care or medical assistance, life saving measures are to be taken as soon as possible when an inmate's life is in jeopardy.

11.     Edward Lee Burrell resided at 300 Church Street, Grove Hill, Alabama.

12.     Edward was a black male and 62 years old.

13.     Edward retired in 2005 from 34 years of work at Daimler Chrysler Corporation just ten years prior to his death.

14.     Edward was diagnosed with hypertension and diabetes and required close medical supervision and medications.

15. Edward was arrested for a misdemeanor violation and was convicted resulting in his being jailed in the Clarke County jail beginning September 21, 2015.

16. By November 8, 2015, Edward had been in the Clarke County Jail for only 48 of his 60 day jail sentence.

17. Prior to November 8, 2015, Jail Administrator, Tyler Norris, knew Edward Lee Burrell needed regular doses of medicine for serious medical conditions, including diabetes and hypertension.

18. Tyler Norris was physically on duty most days while Edward was incarcerated and had actually been present at the jail on November 8, 2015 prior to the incident complained of herein.

19. On November 8, 2015, upon information and believe, Edward complained that he was having trouble breathing, chest pains and asked the jailers for help.

20. Upon information and belief, Edward had hit his call button several times on November 8 complaining of chest pains.

21. Upon information and belief, in the evening of November 8, 2015, Edward was told there was no nurse available and jail administrator, Norris would have to come back to the jail before the jailers could provide emergency medical care or medical assistance.

22. While away from the jail, administrator Norris was contacted about Edward's condition, and informed that Edward was observed with very high blood pressure, color change, sweatiness and difficulty breathing. In addition, the knowledge that Edward was taking an aspirin each day should have altered Mr. Norris and the jail staff that Edward most likely had a history of heart related issues.

23. Norris was also informed on November 8, 2016 that the jail nurse had advised that Edward should be taken to the emergency room at the nearest hospital. Norris made a deliberate decision not to have EMS, paramedics or an ambulance come to the jail to address Edward's medical emergency.

24.     Instead, administrator Norris rendered emergency medical care and/or medical assistance by ordering that Burrell be released from jail custody without a court order, that Edward change into his civilian clothes and walk out of the jail where Norris himself would render further emergency medical care and/or emergency medical assistance to Edward by transporting Edward to the hospital in his Clarke County SUV.

25.     The emergency medical care and/or emergency medical assistance rendered to Edward by Norris required Edward to stand, walk and change clothes in the midst of having symptoms of a heart attack while at the Clarke County jail.

26.     After Norris arrived at the jail, he did not order that Edward be carried or rolled to his vehicle, but required him to depart the jail building on foot, to the waiting vehicle, climb inside the vehicle under his own power and sit upright during the ride to the hospital.

27.     The emergency medical care and/or assistance rendered by Norris was contrary to the standard response for emergency medical care and/or medical assistance for an individual with the symptoms and history such as Edward exhibited in a jail environment, including but not limited to failing to engage EMS personnel with expertise to evaluate Edward's acute health status and provide specific care as required, failing to place Edward in a semi-recumbent position (sitting up at about 75 degrees to the ground) with knees bent during transport, failing to support Edward's back during transport, failing to make efforts to keep Edward calm and still, without exertion during transport.

28.     Edward was transported to Grove Hill Memorial Hospital by Norris in a Clarke County Sheriff Department vehicle 1.5 miles from the Clarke County jail.

29.     Edward became unresponsive as soon as he arrived in the Emergency Room.

30.     Edward was immediately placed in a Trauma room to attempt resuscitation that was unsuccessful.

31.     The physical exertion Norris forced upon Edward and his failure to engage EMS or the life sustaining measures that trained EMS personnel could have provided to Edward during the process of Norris' rendering of emergency medical care and/or emergency medical assistance caused and/or contributed to the untimely wrongful death of Edward.

32. By 10:06 P.M., November 8, 2015, Edward Lee Burrell was pronounced dead by the Coroner at Grove Hill Memorial Hospital from an acute myocardial infarction due to hypertensive and atherosclerotic disease.

33. Upon information and belief, administrator Norris was aware of Edward's symptoms and the need to provide Edward with emergency medical assistance prior to Norris returning to the jail on November 8 to transport Edward.

34. As a direct and proximate result of Tyler Norris' negligence, and deliberate indifference in rendering inadequate and untimely emergency medical care and/or assistance, the deceased, Edward Lee Burrell, suffered great physical pain, extreme emotional distress, mental anguish, and death. Furthermore, Edward Lee Burrell's estate suffered funeral and other expenses.

## VI. CAUSES OF ACTION

35. Plaintiff refers to and hereby incorporates paragraphs 1-34 to support the following claims:

### COUNT ONE

36. The Defendant Tyler Norris, acting under color of law, exhibited a deliberate indifference to the Edward Lee Burrell's serious medical needs and suffering, by rendering insufficient and untimely emergency medical care and/or assistance, which indifference constituted cruel and unusual punishment toward Burrell that subsequently caused his death.

37. Tyler Norris is liable under 42 U.S.C. Section 1983 for his actions heretofore set out by depriving Edward Lee Burrell of the rights, privileges, and immunities secured to him by the Eighth Amendment through Fourteenth Amendment to the United States Constitution.

### COUNT TWO

38. The Defendant Tyler Norris through his neglect, carelessness, and/or unskillfulness caused Edward Lee Burrell's death. Edward's death was a result of the Defendant's failure to render proper emergency medical care and/or medical assistance, including the failure to engage EMS personnel with expertise to evaluate Edward's acute health status and provide specific care as required, failure

to place Edward in a semi-recumbent position (sitting up at about 75 degrees to the ground) with knees bent during transport, failing to support Edward's back during transport, failing to make efforts to keep Edward calm and still, without exertion during transport. These acts and failures to act resulted in Edward Lee Burrell's wrongful death under Section 6-5-410 of the Alabama Code.

## VII. PRAYER FOR RELIEF

On the basis of the foregoing, the Plaintiff respectfully demands the following relief:

a. Compensatory and punitive damages as allowed by law against the Defendant Tyler Norris plus interest and costs;

b. Attorneys fees and expenses from the Defendant pursuant to 42 U.S.C. Section 1988 and 42 U.S.C. Section 1983;

c. Order such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY!**

Attorneys for Plaintiff

s/ G. Rick DiGiorgio
G. Rick DiGiorgio (DIG002)
Cory Watson, PC
2131 Magnolia Avenue South
Birmingham, AL 35205
T: 205-271-7105
F: 205-325-7896
rdigiorgio@corywatson.com

s/ Scott E. Denson
Scott E. Denson, Esq. (DEN020)
The Denson Law Firm, LLC
2160 Highland Avenue South, Ste 100-116
Birmingham, AL 35205
T: 205-327-8377
F: 205-324-3802
sdenson@densonlawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kendrick E. Webb (WEB022)
Fred L. Clements, Jr.
J. Randall McNeill (MCN007)
WEBB & ELEY, PC
Post Office Box 240909
Montgomery, Alabama 36124
334-262-1850
334-262-1889fax
kwebb@webbeley.com
fclements@webbeley.com
rmcneill@webbeley.com
*Attorneys for Defendant Tyler Norris*

                                                          s/ G. Rick DiGiorgio
                                                          **OF COUNSEL**